# STATE OF MICHIGAN

# COURT OF APPEALS

RODNEY HARRISON,

Plaintiff,

and

MICHIGAN HEAD & SPINE INSTITUTE, PC,

Intervening Plaintiff-Appellant,

v

ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY,

Defendant-Appellee,

and

THURMAN CLIFFORD RIDENOUR,

Defendant.

UNPUBLISHED
November 28, 2017

No. 334083
Wayne Circuit Court
LC No. 14-013225-NF

Before: METER, P.J., and BORRELLO and RIORDAN, JJ.

RIORDAN, J. (*dissenting*).

I respectfully dissent.

Intervening plaintiff, Michigan Head & Spine Institute, PC (MHSI), appeals as of right of the trial court's order granting summary disposition in favor of defendant, Allstate Property & Casualty Insurance Company (Allstate), based upon the alleged fraud of the insured, Rodney Harrison. While this appeal was pending, the Michigan Supreme court issued its opinion in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017). In that decision, the Court held that "healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act." *Id*. at 196. The Court clarified that its opinion was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id*. at 217 n 40.

-1-

Subsequently, in *W A Foote Mem Hosp v Michigan Assigned Claims Plan*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 333360); slip op at 19, we held that the Court's decision in *Covenant* applied retroactively. In that case, we considered an appeal by a healthcare provider of a trial court's order granting summary disposition in favor of the Michigan Assigned Claims Plan on the ground that the healthcare provider's "claim was ineligible for assignment because applicable insurance had been identified, and because [the healthcare provider] could have recovered PIP benefits from [the applicable insurance company] if it had acted in a timely fashion." *Id*. at ___; slip op at 3. Like in the instant case, *Covenant* was decided while the healthcare provider's appeal was pending before this Court. *Id*. Despite being presented a case that initially involved the grant of summary disposition against the healthcare provider for reasons wholly unrelated to *Covenant*, we affirmed the grant of summary disposition based on *Covenant*, refused to consider the issue initially presented for review, and remanded to the trial court for further proceedings. *Id*. at ___; slip op at 19-20. We further opined that, should a healthcare provider assert that it wished to pursue an assignment theory given the *Covenant* decision, "the most prudent and appropriate course for us to take . . . is to remand this case to the trial court with direction that it allow [the healthcare provider] to amend its complaint, so that the trial court may address the attendant issues in the first place." *W A Foote*, ___ Mich App at ___; slip op at 19-20.

In the instant case, it is undisputed that the trial court record is absent of any evidence of an assignment from the insured to MHSI. Although MHSI now provides on appeal documents it purports to be evidence of such an assignment, MHSI is not now permitted to expand the record. See *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). Considering that MHSI sought payment from Allstate based on its standing as a healthcare provider for the insured and there is no assertion or evidence on the record of an assignment, the Court's decision in *Covenant*, 500 Mich App at 196, mandates a finding that MHSI did not have any recognized statutory ground for recovery. Summary disposition was therefore required in favor of Allstate. See *id*.

Consequently, pursuant to *W A Foote*, ___ Mich App at ___; slip op at 19-20, I would have held that the proper remedy in this case is to affirm the trial court's order granting summary disposition in favor of Allstate, albeit for a different reason than the trial court, refuse to consider the issue of the insured's alleged fraud, and remand with direction to the trial court to consider MHSI's motion to amend the complaint and determine the *Covenant* issue in the first instance should MHSI argue assignment. Given that *Covenant*, 500 Mich at 196, and *W A Foote*, ___ Mich App at ___; slip op at 4, 19-20, are dispositive of this case, it is unnecessary to resolve the remaining issue before us – the insured's alleged fraud.

I would affirm the trial court's order granting summary disposition in favor of Allstate and remand with the direction that it allow MHSI to move to amend the complaint.

/s/ Michael J. Riordan

-2-